## Milo Millard's Appeal from Probate.

Hartford Dist., May T., 1892.   Andrews, C. J., Carpenter, Seymour,
Torrance and J. M. Hall, Js.

A man is " in failing circumstances," within the meaning of Gen. Statutes, § 501, when, being insolvent in fact, he is acting in contemplation of actually stopping his business because he is not able to carry it on.

A man engaged in business was largely in debt and had not sufficient property to pay his debts, he had for several months allowed all the notes which he had given, of which there was a considerable number, to go to protest without any provision for their payment or renewal, and had made a mortgage for a large sum to his daughter, which, if not wholly fraudulent, was clearly calculated to prefer her to his other creditors. He was still carrying on business, but not as one honestly believing he was solvent and in the hope of extricating himself from a temporary embarrassment, but as one knowing he was insolvent and about failing and closing his affairs from an inability to continue in business and meet his payments. The court below found that he was in failing circumstances. Held that this finding was fully warranted by the facts.

[Argued May 5th—decided September 12th, 1892.]

APPEAL from two probate decrees, one adjudging the appellant to be insolvent, and another appointing a trustee to take possession of and administer his property for the benefit of his creditors; taken to the Superior Court in Tolland County, and heard before *Fenn, J.* Facts found and the probate decrees affirmed. Appeal by the original appellant.

*J. L. Hunter* and *C. H. Briscoe*, for the appellant.

*C. E. Gross*, for the appellees.

ANDREWS, C. J.   For the decision of this case it is necessary to consider but one question:—Did the Superior Court err in holding upon the facts found that the appellant " had failed in his circumstances " or " was in failing circumstances " at the time the application was made to the probate court? This question being decided all the other questions made in the case become immaterial.

The Superior Court held in express terms that the appellant was in failing circumstances at that time. The appellees say that this is the decision of a question of fact which cannot be revised by this court. The appellant on the other hand insists that it is a mixed question of law and fact, the decision upon which can be reviewed as a question of law by this court. If it is a question of simple fact then the decision of the Superior Court is conclusive. But if it is a mixed question of law and fact, and the facts found are sufficient to bring the case within the rule of law, then the decision of the Superior Court is equally conclusive.

The expression "failing circumstances," as used in Gen. Statutes, § 501, has been considered by this court in repeated cases. *Utley* v. *Smith*, 24 Conn., 290; *Quinebaug Bank* v. *Brewster*, 30 id., 559; *Bloodgood* v. *Beecher*, 35 id., 480; *Hall* v. *Gaylor*, 37 id., 550. According to these cases a man is "in failing circumstances" who, being insolvent in fact, is acting in contemplation of actually stopping his business because he is utterly incapable of carrying it on.

The facts in this case show that the appellant was insolvent in fact. He was largely in debt and had not property sufficient to pay his debts. He had suffered his notes repeatedly to go to protest without any provision for their payment or renewal. During the time mentioned in the application every note he had given had been protested in this way. So far as appears not a single one of these notes had been paid or provided for at its maturity. He had made a mortgage for a large sum to his daughter, which, if not wholly fraudulent, was clearly calculated to prefer her to his other creditors. He was carrying on business indeed, buying and selling and making contracts; not however as one honestly believing he was solvent and in the hope of extricating himself from a temporary embarrassment, but rather as one knowing he was insolvent and about failing and closing his affairs from an inability to continue in business and meet his payments.

These facts bring this case within the rule of law above

stated and were abundantly sufficient to sustain the Superior Court in the conclusion to which it came.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.